JUDGE CASTEL    **13 CV 1581**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

RASHID MUNIR, on behalf of himself and on behalf of all other similarly situated persons,

　　　　　　　　　　Plaintiff,

　v.

SUNNY'S LIMOUSINE SERVICE, INC. and SHAFQAT CHAUDHRY,

　　　　　　　　　　Defendants.

------------------------------------------------------------ X

Civil Action No.

RECEIVED MAR 08 2013 U.S.D.C. S.D.N.Y. CASHIERS

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Rashid Munir ("Plaintiff"), on behalf of himself and on behalf of all other similarly situated persons, by and through counsel, Thompson Wigdor LLP, as and for the Complaint in this action against Defendants Sunny's Limousine Service Inc. ("SLS") and Shafqat Chaudhry (collectively "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.　Plaintiff brings this action, on behalf of himself and on behalf of all other similarly situated persons, to recover (a) overtime and minimum wages which Defendants failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the New York Labor Law ("NYLL"), §650 *et seq.*; (b) wages earned in accordance with the agreed terms of employment which Defendants failed to pay in violation of NYLL §191 *et seq*; and (c) unlawful wages deductions in violation of NYLL §193 *et seq.*

2.　Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendants in the State of New York "Drivers" and/or in similar positions who were/are not paid the prevailing minimum wage for all hours worked and overtime at a rate

of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of March 8, 2010 to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiff and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

3. The FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice of not paying the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

4. Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendants in the State of New York as "Drivers" and/or in similar positions who were/are not paid the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, their wages earned in accordance with their agreed terms of employment, and whose wages were unlawfully deducted for the period of March 8, 2007 to the date of the final disposition of this action (the "NYLL Class Period"). Plaintiff and all other such similarly-situated persons are jointly referred to herein as the "NYLL Class."

5. The NYLL Class are similarly situated because, during the NYLL Class Period, they were all subject to Defendants' common policy and/or practice of not paying the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half time their regular rate of pay for all hours worked in excess of 40 hours per week, wages earned in accordance with their agreed terms of employment, and of making unlawful deductions from wages.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL.

7. Pursuant to 28 U.S.C. §1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

8. Plaintiff's claims are properly consolidated as a single action because his claims involve the same defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## PARTIES

9. Plaintiff Rashid Munir is an adult resident of the State and City of New York, and has been employed by Defendants since approximately June 2012. At all relevant times, he was an "employee" within the meaning of all applicable statutes. A Consent to Participate as a Plaintiff in this action executed by Plaintiff will be filed with the Court.

10. Defendant Shafqat Chaudhry is the President and primary owner of SLS and controls the operations and determines the policies and practices of SLS, including, but not limited to, how employees are compensated. Mr. Chaudhry was and remains an "employer" within the meaning of all applicable statutes.

11. Defendant SLS is a self-proclaimed "worldwide leader of luxury transportation services," and is a New York corporation with a principal place of business at 43-12 36th Street, Long Island City, New York, 11101. Defendant SLS operates in a number of states across the United States, including New York, Virginia, Florida, Pennsylvania, New Jersey, Illinois,

California and Massachusetts, as well as in Washington D.C.  At all relevant times, SLS was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

## FACTUAL ALLEGATIONS

12. In or around June 2012, Mr. Munir commenced his employment with Defendants as a Driver in New York City, New York.

13. SLS is a car transportation service that operates under contracts with companies to provide recurrent transportation, largely for the company's employees.  SLS's customers include large businesses including but not limited to BlackRock, Inc., the Cable News Network (commonly known as "CNN") and the law firm O'Melveny & Myers LLP.

14. SLS hold does not hold itself out as a taxicab company; rather, on its website, SLS described the company as a "Chauffeured Transportation," service and a "worldwide leader of luxury transportation services."

15. SLS dispatches Plaintiff, and the members of the FLSA Collective and the NYLL Class, to their transportation assignments at particular locations and times.

16. While working for Defendants, Plaintiff drives a Lincoln MKT sports utility vehicle which holds less than eight passengers and weighs less than 10,000 pounds.

17. Plaintiff and the members of the FLSA Collective and the NYLL Class are not permitted to "cruise" for passengers, use their own initiative to secure patronage, or exercise discretion over their time, routes and/or locations.

18. SLS does not maintain any permanent "stands" at any airport, train station, or other places where demands for transportation may be expected.

19. SLS vehicles which are used by Plaintiff and the members of the FLSA Collective and the NYLL Class are not metered. Rather, the fares for each assignment are predetermined pursuant to a contract between SLS and the company.

20. SLS vehicles do not have any vacancy signs or a list of fares posted either on the interior or exterior of the vehicle.

21. Plaintiff and the members of the FLSA Collective and the NYLL Class are paid wages on a straight commission and/or piece rate basis, plus gratuities.

22. Defendants agreed to pay Plaintiff and the members of the FLSA Collective and the NYLL Class at a rate of 40% of the total amount a customer paid SLS for a trip. SLS also agreed to pay Plaintiff and the members of the FLSA Collective and the NYLL Class the total amount of gratuities paid by the customer.

23. However, Defendants have not paid Plaintiff and the members of the FLSA Collective and the NYLL Class at the agreed to rate. Rather, Defendants misrepresent to Plaintiffs and the members of the FLSA Collective and the NYLL Class the rate being charged to customers for their routes. Defendants then purport to pay Plaintiffs and the members of the FLSA Collective and the NYLL Class at a rate of 40% of the artificially lowered, misrepresented rate. As a result, Plaintiff and the members of the FLSA Collective and the NYLL Class are paid far less than the agreed upon rate.

24. Plaintiff and the members of the FLSA Collective and the NYLL Class are regularly assigned to work twelve-hour shifts, six days a week, which comes to an average of approximately 72 "on-the-clock" hours per week.

25. Furthermore, Plaintiff and the members of the FLSA Collective and the NYLL Class also work "off-the-clock," including, but not limited to, time spent travelling to assigned

locations, time spent during licensing inspections, and time spent washing, servicing and maintaining vehicles.

26. As such, Plaintiff and the members of the FLSA Collective and the NYLL Class work between 72 hours and 84 hours per week.

27. Defendants do not pay Plaintiff, and the members of the FLSA Collective and the NYLL Class, overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek.

28. Defendants do not pay Plaintiff and the members of the FLSA Collective and the NYLL Class any wages for the "off-the-clock" time spent working for Defendants.

29. Defendants do not pay Plaintiff, and the members of the FLSA Collective and the NYLL Class, the prevailing minimum wage for all hours worked during each workweek.

30. Defendants do not pay Plaintiff, and the members of the FLSA Collective and the NYLL Class, their wages earned in accordance with the agreed upon terms of employment.

31. Defendants also make unlawful deductions from the wages of Plaintiff and the members of the FLSA Collective and the NYLL Class. For instance, Defendants unlawfully deducts an amount for "personal auto use" and for "fuel deductions." Defendants also withhold commission payments when Plaintiff and the members of the FLSA Collective and the NYLL Class arrive late to pick up customers. These deductions are not permitted by law or authorized by Plaintiff and other Drivers for the benefit of Plaintiff and other Drivers.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff brings his FLSA claims as a collective action pursuant to the FLSA on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendants in New York as Drivers and/or in similar positions who were/are not paid the

prevailing minimum wage for all hours worked and overtime at a rate of one and one-half time their regular rate for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

33. The basic job duties of the FLSA Collective were/are the same as or substantially similar to those of Plaintiff, and the FLSA Collective were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

34. The FLSA Collective, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

35. During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

36. As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. §206 by not paying the FLSA Collective and Plaintiff the prevailing minimum wage for all hours worked.

37. As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiff overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

38. Defendants' violations of the aforementioned statutes were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

39. As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid minimum wage and overtime, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

40. While the exact number of the FLSA Collective is unknown to Plaintiff at the present time, upon information and belief, there are at least one-hundred other similarly-situated persons who were/are employed by Defendants in New York as Drivers and/or in similar positions during the FLSA Collective Period.

41. Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in New York as Drivers and/or in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

42. Plaintiff brings his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendants in the state of New York as Drivers and/or in similar positions who were/are not paid the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek, wages earned in accordance with their agreed terms of employment, and whose wages were unlawfully deducted during the NYLL Class Period.

43. The basic job duties of the NYLL Class were/are the same as or substantially similar to those of Plaintiff, and the NYLL Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

44. The NYLL Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, wages earned in accordance with the agreed terms of employment, and making unlawful deductions from wages.

45. During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the minimum wage, overtime and other applicable provisions of the NYLL and/or its regulations.

46. As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the NYLL Class and Plaintiff the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, wages earned in accordance with their agreed terms of employment, and by making unlawful deductions from wages.

47. Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the NYLL Class.

48. As a result of Defendants' conduct, Defendants are liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wage, overtime wages, wages earned, and wages deducted, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

49. Certification of the NYLL Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the NYLL Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on him individually and on members of the NYLL Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class and Defendants.

50. Plaintiff's claims raise questions of law and fact common to the NYLL Class. Among these questions are:

(a) Whether Defendants failed to pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours worked during the NYLL Class Period;

(b) Whether Defendants failed to pay Plaintiff and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the NYLL Class Period;

(c) Whether Defendants failed to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment during the NYLL Class Period;

(d) Whether Defendant made unlawful deductions from the wages of Plaintiffs and the NYLL Class during the NYLL Class Period;

(e) Whether Defendants' failure to pay the prevailing minimum wage to Plaintiff and the NYLL Class constitutes a violation of NYLL §650 *et seq.*;

(f) Whether Defendants' failure to pay overtime to Plaintiff and the NYLL Class constitutes a violation of NYLL §650 *et seq.* and 12 N.Y.C.R.R §142.2-2;

 (g) Whether Defendants' failure to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment constitutes a violation of NYLL §191;

 (h) Whether Defendant's deductions from the wages of Plaintiffs and the NYLL Class constitutes a violation of NYLL §193 and 12 N.Y.C.R.R. §142-2.10; and

 (i) Whether Defendants' violations of the NYLL and/or its regulations were willful.

51. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

52. Plaintiff is a member of the NYLL Class that he seeks to represent. Plaintiff's claims are typical of the claims of the NYLL Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

53. Plaintiff's interests are co-extensive with those of the NYLL Class that he seeks to represent in this case. Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

54. Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

55.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

56.     The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

57.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

58.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

59.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are at least one hundred (100) other similarly-situated persons who were/are employed by Defendants in the state of New York as Drivers and/or in similar positions during the NYLL Class Period.

60. Plaintiff is currently unaware of the identities of the NYLL Class. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in the state of New York as Drivers and/or in similar positions during the NYLL Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

## FIRST CLAIM FOR RELIEF
(Failure to Pay Overtime in Violation of 29 U.S.C. §207)

61. Plaintiff, on behalf of himself and the FLSA Collective, hereby realleges and incorporates by reference paragraphs 1 through 60 as though they were fully set forth herein.

62. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

63. During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective worked between 72 and 84 hours per workweek for Defendants. However, Defendants did not pay them overtime for hours worked in excess of 40 hours per workweek.

64. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendants violated the FLSA.

65. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

66. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage in Violation of 29 U.S.C. §206)

67. Plaintiff, on behalf of himself and the FLSA Collective, hereby realleges and incorporates by reference paragraphs 1 through 66 as though they were fully set forth herein.

68. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

69. During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

70. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

71. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

72. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wage, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Overtime in Violation of NYLL §650 *et seq.* and 12 N.Y.C.R.R. §142-2.2)

73. Plaintiff, on behalf of himself and the NYLL Class, hereby realleges and incorporates by reference paragraphs 1 through 72 as though they were fully set forth herein.

74. The NYLL and 12 N.Y.C.R.R. §142-2.2 require a covered employer, such as Defendants, to pay employees overtime at a rate of one and one-half times the employee's regular rate of pay in the manner and methods provided in the FLSA. Plaintiff and the NYLL

Class were not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

75. During the NYLL Class Period, Defendants knew that Plaintiff and the NYLL Class worked between 72 and 84 hours per workweek for Defendants. However, Defendants intentionally did not pay them overtime for hours worked in excess of 40 hours per workweek.

76. As a result of Defendants' failure to pay Plaintiff and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendants violated the NYLL and 12 N.Y.C.R.R. §142-2.2.

77. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

78. Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
**(Failure to Pay Minimum Wage in Violation of NYLL §650 *et seq.*)**

79. Plaintiff, on behalf of himself and the NYLL Class, hereby realleges and incorporates by reference paragraphs 1 through 78 as though they were fully set forth herein.

80. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

81. During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours worked for Defendants, including but not

limited to certain "off-the-clock" hours for which Plaintiff and the NYLL Class were not paid any wages.

82. As a result of Defendants' failure to pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

83. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

84. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, and attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
(Failure to Pay Wages in Violation of NYLL §191)

85. Plaintiff, on behalf of himself and the NYLL Class, hereby realleges and incorporates by reference paragraphs 1 through 84 as though they were fully set forth herein.

86. The NYLL requires covered employers, such as Defendants, to pay employees for the wages with the requisite frequency in accordance with their agreed upon terms of employment. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them for all wages earned in accordance with their agreed terms of employment under the NYLL.

87. During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment.

88. As a result of Defendants' failure to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment, Defendants violated the NYLL.

89. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

90. Defendants' violations of the NYLL has significantly damaged Plaintiff and the NYLL Class and entitles them to recover the total amount of their unpaid wages earned in

accordance with their agreed terms of employment, an additional amount in liquidated damages, and attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
**(Unlawful Deductions in Violation of NYLL §193 and 12 N.Y.C.R.R. §142-2.10)**

91.     Plaintiff, on behalf of himself and the NYLL Class, hereby realleges and incorporates by reference paragraphs 1 through 91 as though they were fully set forth herein.

92.     The NYLL and 12 N.Y.C.R.R. §142-2-10 prohibit covered employers, such as Defendants, from making certain deductions from the wages of employees.

93.     During the NYLL Class Period, Defendant unlawfully deducted amounts from the wages of Plaintiff and the NYLL Class, including but not limited to amounts for "personal auto use" and "fuel deductions."

94.     Defendants did not make said deductions in accordance with the provisions of any law or any rule or regulation issued by any governmental agency. Moreover, Plaintiff and the NYLL Class did not expressly authorize Defendants in writing to make said deductions, and said deductions were not for the benefit of Plaintiff and the NYLL Class.

95.     As a result of Defendants' unlawful deductions from the wages of Plaintiff and the NYLL Class, Defendants violated the NYLL and 12 N.Y.C.R.R. §142-2-10.

96.     The foregoing conduct of Defendants constitute willful violations of the NYLL and 12 N.Y.C.R.R. §142-2-10.

97.     Defendants' violations of the NYLL and 12 N.Y.C.R.R. §142-2-10 have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of the wages that were deducted from their pay, an additional amount in liquidated damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Collective and the NYLL Class, respectfully requests that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in New York as Drivers and/or in similar positions during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D. Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E. Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in the state of New York as Drivers and/or in similar positions during the NYLL Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.      Designate Plaintiff as a representative of his respective class, and his counsel of record as class counsel;

G.      Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of the Plaintiff and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiff and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I.      Award Plaintiff, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

J.      Grant Plaintiff, the FLSA Collective and the NYLL Class such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and on behalf of all other similarly-situated persons, hereby demands a trial by jury on all issues of fact and damages.

Dated: March 8, 2013
New York, New York

Respectfully submitted,

THOMPSON WIGDOR LLP

By: _____
Douglas H. Wigdor
David E. Gottlieb
Tanvir H. Rahman

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@thompsonwigdor.com
dgottlieb@thompsonwigdor.com
trahman@thompsonwigdor.com

*Attorneys for Plaintiff*