UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RASHID MUNIR, WAQAR U.R. REHMAN,
SALMAN HAQ, TAHIR M. KHAN, MOHAMMED
N. MALIK and MOHAMMED A. CHATTHA, on :    Civil Action No. 13-cv-1581
behalf of themselves and on behalf of all other similarly
situated persons,

                                     Plaintiffs,        **DECLARATION OF**
                                                                **MOHAMMED N. MALIK**

       v.

SUNNY'S LIMOUSINE SERVICE, INC. and
SHAFQAT CHAUDHRY,

                                     Defendants.
------------------------------------------------------------------ x

I, Mohammed N. Malik, pursuant to 28 U.S.C. §1746, declare and state as follows:

1.      I am a Plaintiff in the above-captioned action. I have personal knowledge of the facts set forth herein and submit this declaration in support of Plaintiffs' Motion for Conditional Certification.

2.      I was employed by Defendants as a Driver/Chauffeur in New York City, New York from 2004 to February 2012.

3.      From the start of my employment with Defendants, up until approximately October 2011, I, along with all others who were employed by Defendants as drivers/chauffeurs or in similar positions, was incorrectly paid as though I was an independent contractor, for which I received a Form 1099.

4.      After October 2011, I, along with all others who were employed by Defendants as drivers/chauffeurs or in similar positions, was reclassified as an "employee," and was paid wages with applicable income taxes and withholdings for which I received a Form W2.

5. While working for Defendants, I drove a Mercedes S-500 and S-550 sedans, which did not hold more than 8 passengers, and weighed less than 10,001 pounds.

6. My primary duties while working for Defendants were to provide transportation services to Defendants' clients, largely employees of large, institutional businesses with agreements in place to have such services provided by Defendants, which include, but not limited to, BlackRock, Inc., CNN, and O'Melveny & Myers LLP. My primary duties remained the same both before and after I was reclassified as an "employee" in October 2011.

7. Defendants do not maintain any permanent "stands" at any airport, train station, or other places.

8. The vehicles that I drove while employed by Defendants' were not metered, but rather, the fares for each assignment I was given were predetermined according to contracts between Defendants and their clients.

9. The vehicles that I drove while employed by Defendants also did not contain "vacancy" signs, or any list of the amounts charged as fares posted either on the interior or exterior of the vehicle.

10. Defendants' business operations remained the same at all times during my employment.

11. I was paid by Defendants on a straight commission and/or piece rate basis, plus gratuities.

12. Prior to reclassifying me an "employee," Defendants agreed to pay me at a rate of 50% of the total amount a customer would pay Defendants for service. Defendants also agreed to pay me a share of the total amount of gratuities paid by the customer, with the remainder retained by Defendants.

13. However, Defendants misrepresented the rates charged to customers, and ended up paying me far less than the agreed to rates. Instead, Defendants paid me at a rate of 50% of the lower, misrepresented rates. As a result, I was paid substantially less than my agreed upon wages throughout my employment with Defendants, both as to commissions and gratuities.

14. Subsequent to Defendants reclassification of me as an "employee," Defendants agreed to pay me at a rate of 40% of the total amount a customer paid Defendants for service. Defendants also agreed to pay me the full amount of gratuities paid by customers.

15. Nevertheless, Defendants continued to misrepresent the rate being charged to customers, and continued to not pay me at the agreed to rates. Instead, defendants paid me at a rate of 40% of the artificially lowered, misrepresented rate. As a result, I was paid far less than the agreed upon rate, both as to commissions and gratuities.

16. Both before and after I was reclassified as an "employee," I worked twelve-hour shifts, six days a week, or 72 shift hours per week. I also worked off shift hours, including, but not limited to, time spent during licensing inspections, time spent washing, servicing and maintain vehicles, and time spent travelling to assigned locations. As a result, I worked for Defendants between 72 and 84 hours on average per workweek.

17. Both before and after I was reclassified as an "employee," Defendants did not pay me overtime at a rate of one and one-half times my regular rate of pay for hours worked in excess of 40 hours per workweek.

18. Moreover, both before and after I was reclassified as an "employee," Defendants failed to pay me for all hours worked and made deductions from my wages, without my consent, for items that did not benefit me such as fuel and "daily automobile use." To my knowledge, some drivers were not paid minimum wage, including myself at some times.

19.     From March 2010 to the time my employment with Defendants ended, there have been at least 100 drivers/chauffeurs and other employees of Defendants in similar positions in New York.

20.     I am aware that all of the drivers/chauffeurs and other employees of Defendants in similar positions in New York from March 2010 to the present have been treated similarly with respect to both Defendants' failure to pay them minimum and overtime wages in violation of the FLSA, but also as to the numerous additional unlawful compensation policies and practices that I allege in the Amended Complaint in this action.

21.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: May 21, 2013
       New York, New York

_____
Mohammed N. Malik

Notary Public
TANVIR HAQUE RAHMAN
Notary Public, State of New York
No. 02RA6259923
Qualified in Queens County
Commission Expires April 16, 20 16