Castel, K.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

RASHID MUNIR, WAQAR U.R. REHMAN,
SALMAN HAQ, TAHIR M. KHAN,
MOHAMMED N. MALIK and
MOHAMMED A. CHATTHA, on behalf of
themselves and on behalf of all other
similarly-situated persons,

                        Plaintiffs,

          -against-

SUNNY'S LIMOUSINE SERVICE, INC. and
SHAFQAT CHAUDHRY,

                        Defendants.
-------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-24-13

13 Civ. 1581 (PKC)

## STIPULATION AND ORDER OF CONFIDENTIALITY AND ADDENDUM

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs and Defendants, that:

    1.    All information produced by the parties in this action shall be subject to the terms and provisions set forth herein and will be treated as confidential pursuant hereto.

    2.    The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

        a.    The parties to this action shall mean (i) Plaintiffs and any authorized attorney(s) acting on their behalf; and, (ii) Defendants, as well as the employees and representatives thereof, and any authorized agent(s), attorney(s) or other entities or person(s) acting on their behalf.

        b.    "Confidential information" means any information, not generally available to the public, pertaining to Plaintiffs or to Defendants' employees, clients or business

practices. where. such information or documents are designated by the producing party as confidential. Such designation must occur in one of the following ways: (1) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the other party; (2) information set forth in an affidavit may be so designated by including the word "CONFIDENTIAL" in the affidavit; (3) testimony of any witness deposed on oral examination, or a portion thereof, may be designated "CONFIDENTIAL" by making a statement on the record at the deposition or by marking the pertinent portion of the transcript "CONFIDENTIAL" within 30 days of receipt of the transcript and serving a copy of the marked transcript upon the opposing party.

3. Any confidential information produced in this action shall be used solely for the purpose of litigating the above-captioned matter and for no other purpose. The parties expressly agree that confidential information will not be disclosed to any third party during the pendency of this action and thereafter (except as permitted under the conditions specified in Paragraphs 4 and 5).

4. Except as otherwise provided in this Stipulation of Confidentiality, material designated as "confidential information" by either party may be examined only by the following persons:

    a. Plaintiffs;

    b. upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, and only to the extent necessary for the prosecution of the instant matter, Plaintiffs' witnesses and independent consultants or experts retained in connection with the instant action by Plaintiffs;

2

  c. Defendants;

  d. upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, and only to the extent necessary for the defense of the instant matter, Defendants' witnesses and independent consultants or experts retained in connection with the instant action by Defendants;

  e. judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action.

 5. Before any person identified in paragraph 4(b) and 4(d) is given access to confidential information, he or she shall sign the "Agreement To Be Bound By Stipulation and Order of Confidentiality" attached hereto stating that he or she has received a copy of and has read this Stipulation of Confidentiality and agrees to be bound by the provisions set forth herein and to submit to the jurisdiction of this Court in connection with the enforcement of the provisions set forth herein. Access to confidential information shall not be given to any person who has not signed such Agreement. No such person shall be allowed to retain any document or other item designated as confidential beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

 6. Counsel for the parties represent that they have explained this Stipulation to their clients, and their clients understand and have agreed to abide by this Stipulation.

 7. Each party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information it has designated as confidential or any portion thereof only by explicit written waiver. Such waiver shall not result in a waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality.

8. Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days notice to the opposing party.

9. Prior to filing any documents containing confidential information, the parties must obtain leave of the Court to file such documents under seal. Any confidential information may be filed with the Court without seal if agreed to by the parties or otherwise ordered by the Court.

10. This Stipulation of Confidentiality may be amended by the agreement of the parties in the form of a written amendment to the Stipulation of Confidentiality.

11. This Stipulation of Confidentiality shall remain in full force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by court order.

12. Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing confidential information and all copies thereof which are in the possession, custody or control of each party or any person gaining possession, custody or control by each party, shall be returned to the opposing party.

13. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case. All rulings with regard to admissibility of evidence will be made at the time of trial.

14. Pending court approval of this Stipulation, the parties agree to abide by all of its terms, as if it had been approved by the Court.

SO AGREED:

THOMPSON WIDGOR LLP
Attorneys for Plaintiffs
85 Fifth Avenue
New York, New York 10003
(212) 257-6800

JACKSON LEWIS, LLP
Attorneys for Defendants
One North Broadway, 15th Floor
White Plains, NY 10601
(914) 328-0404

By: _____
David E. Gottlieb
Tanvir Rahman

By: _____  9/23/13
Jonathan M. Kozak
Jennifer Papas

SO ORDERED:
Dated: __9-23-13__
New York, New York

_____
P. Kevin Castel
United States District Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RASHID MUNIR, WAQAR U.R. REHMAN,
SALMAN HAQ, TAHIR M. KHAN,
MOHAMMED N. MALIK and
MOHAMMED A. CHATTHA, on behalf of
themselves and on behalf of all other
similarly-situated persons,

                     Plaintiffs,        13 Civ. 1581 (PKC)

              -against-

SUNNY'S LIMOUSINE SERVICE, INC. and
SHAFQAT CHAUDHRY,

                     Defendants.
----------------------------------------------------------------x

## AGREEMENT TO BE BOUND BY STIPULATION
## AND ORDER OF CONFIDENTIALITY

      I, _____, declare as follows:

      1.    I have read and am familiar with the terms of the Stipulation and Order of Confidentiality ("Order") in the above-captioned case governing disclosure of information designated as confidential.

      2.    I understand and agree that any information designated as "Confidential" shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any of said confidential information other than under the limited conditions permitted in the Order.

      3.    I agree to abide by all the terms of the Order and will not reveal or otherwise communicate to anyone any confidential information disclosed to me pursuant thereto except in accordance with the terms of said Order. I agree not to use any confidential information for any purpose other than the litigation of the above-captioned matter.

4. I agree that within the time frame specified in the Order, I will return all confidential information to the party who provided it to me, as well as all copies thereof and will destroy any notes in my possession containing any confidential information covered by the terms of this Order.

5. I acknowledge that the Order is binding on me. I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Order.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this ____ day of _____, 201_, at _____.

_____
Signature

_____
Printed Name

_____
Address

_____

_____
Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Rashid Munir, et al.,

                Plaintiff(s),　　　　ADDENDUM TO ORDER
　　　　　　　　　　　　　　　　　　　　　13 Civ. 1581 (PKC)

    -against-

Sunny's Limousine Service, Inc. and Shafqat
Chaudhry,

                Defendant(s).
-----------------------------------------------------------x

       This Addendum is an integral part of the Order of today's date granting confidentiality protection to certain materials. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority.

       Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

    SO ORDERED.

                                              P. Kevin Castel
                                        United States District Judge

Dated: New York, NY
       September 23, 2013